UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID K. LAMB,

        Petitioner,

                                        CASE NO. 03-CV-73587-DT

v.                             JUDGE JOHN CORBETT O'MEARA

                                        MAGISTRATE JUDGE PAUL J. KOMIVES

KURT JONES,

        Respondent.

_____/

**REPORT AND RECOMMENDATION**

I.    <u>RECOMMENDATION</u>: The Court should deny petitioner's request for a certificate of appealability. If the Court accepts this recommendation, the Court should also deny as moot petitioner's motion for leave to proceed *in forma pauperis* on appeal.

II.    <u>REPORT</u>:

A.    *Procedural Background*

Petitioner David K. Lamb is a state prisoner currently confined at the Carson City Correctional Facility in Carson City, Michigan. On September 18, 2003, petitioner filed an application for the writ of habeas corpus, challenging his 1999 state court convictions for first degree murder, armed robbery, and possession of a firearm during the commission of a felony. On February 14, 2005, I filed a Report recommending that the Court conclude that petitioner's first, third, and fifth through seventh habeas claims were unexhausted. In light of the statute of limitations governing petitioner's habeas claims, which would not be tolled during the pendency of his federal habeas corpus petition, I recommended that the Court stay the case so that petitioner could pursue

1

his claims in state court. On March 4, 2005, the Court entered an order accepting my recommendation.

On April 1, 2005, petitioner filed a notice of appeal, a motion for a certificate of appealability, and a motion for leave to proceed *in forma pauperis* on appeal. Pursuant to 28 U.S.C. § 2253(c), petitioner may appeal only if he is first granted a certificate of appealability. For the reasons that follow, the Court should deny the certificate.

B.    *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the

same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)). Accordingly, with respect to each issue, the Court must "either issue a certificate of appealability or state why a certificate should not issue." FED. R. APP. P. 22(b)(1).

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486.

C.     *Analysis*

Here, it is not debatable among reasonable jurists that petitioner's first, third, and fifth through seventh claims are unexhausted. It is undisputed that these claims were raised for the first time in the Michigan Supreme Court, and were never raised in the Michigan Court of Appeals or the trial court. It cannot reasonably be debated that this renders petitioner's claims unexhausted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (to be exhausted, claim must be raised at each level of state review); *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (claim presented for first time in application for discretionary appeal not exhausted).

Petitioner contends that the Michigan Supreme Court's denial of his application for leave

3

to appeal, in which these unexhausted claims were included, effectively amounted to a ruling on the merits, such that the claims cannot know be considered in a motion for relief from judgment under MICH. CT. R. 6.500-.509.  Petitioner's argument is premised on Rule 6.508(D)(2), which provides that a motion for relief from judgment may not be granted is the motion "alleges grounds for relief which were decided against the defendant in a prior appeal[.]" MICH. CT. R. 6.508(D)(2).  This rule is essentially a *res judicata* or law of the case rule, preventing relitigation of claims already decided against a defendant.  However, Rule 6.508(D)(2) would not bar petitioner's claims that were raised for the first time in the Michigan Supreme Court, because those claims were not decided on the merits.

As the Michigan Supreme Court has explained, a denial of leave to appeal is merely a discretionary decision to decline to hear a case, and thus does not constitute a ruling on the merits of any claims raised in the application.  *See Valentino v. Oakland County Sheriff*, 424 Mich. 310, 322 n.8, 381 N.W.2d 397, 402 n.8 (1986).  Thus, a denial of leave to appeal has no *res judicata* or law of the case effect.  *See Grievance Admin. v. Lopatin*, 462 Mich. 235, 260, 612 N.W.2d 120, 134 (2000); *State ex rel. Saginaw Prosecuting Attorney v. Bobenal Inv., Inc.*, 111 Mich. App. 16, 22 n.2, 314 N.W.2d 512, 514 n.2 (1986).  Thus, the Michigan Court of Appeals has held that Rule 6.508(D)(2) does not bar claims raised for the first time in a direct appeal to the Michigan Supreme Court where the Supreme Court has denied the application for leave to appeal:

> Defendant filed a motion in the Supreme Court to add the same issues raised in her motion for relief from judgment and the Supreme Court granted the motion. However, in the same order, the Supreme Court denied defendant's application for leave to appeal.  As defendant correctly observes, a denial of leave to appeal by the Supreme Court, without explanation, is generally not considered a decision on the merits and is not precedentially binding.  Thus, the trial court erred to the extent that it denied defendant's motion based on the Supreme Court's denial of leave to appeal.

4

*People v. Shook*, No. 233346, 2002 WL 31379664, at *2 (Mich. Ct. App. Oct. 22, 2002) (citations omitted).  In light of this state case law, it is not debatable among reasonable jurists that petitioner still has an available state court avenue in which to pursue his unexhausted claims.

D.    *Conclusion*

        In view of the foregoing, the Court should conclude that it is not debatable among reasonable jurists that petitioner's first, third, and fifth through seventh claims are unexhausted.  The Court should also conclude that it is not reasonably debatable that petitioner still has an available state court avenue in which to pursue these claims.  Accordingly, the Court should deny petitioner's motion for a certificate of appealability, as well as his motion for leave to appeal *in forma pauperis*.

III.     <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

        The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

        Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by

5

motion and order such page limit is extended by the Court.  The response shall address specifically,

and in the same order raised, each issue contained within the objections.


                                        s/Paul J. Komives
                                        PAUL J. KOMIVES
                                        UNITED STATES MAGISTRATE JUDGE

Dated: April 29, 2005