UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID K. LAMB,

    Petitioner,

v.

                         CASE NO. 03-CV-73587-DT
                         JUDGE JOHN CORBETT O'MEARA
                         MAGISTRATE JUDGE PAUL KOMIVES

CARMEN PALMER,

    Respondent.[1]
                       /

**REPORT AND RECOMMENDATION ON PETITIONER'S MOTIONS (1) TO REMOVE THE STAY AND TO AMEND (docket #47); (2) FOR DISCOVERY AND FOR APPOINTMENT OF COUNSEL (docket #48); and (3) FOR EXPANSION OF RECORD (docket #49)**

I.    <u>RECOMMENDATION</u>: The Court should grant petitioner's motion to remove the stay and amend the petition (docket #47). The Court should also grant petitioner's motion to expand the record (docket #49), with the understanding that the granting of this motion does not pass judgment on whether the documents submitted by petitioner may actually be used to support his claims. Finally, the Court should deny without prejudice petitioner's motion for discovery and appointment of counsel (docket #48).

II.    <u>REPORT</u>:

A.    *Procedural Background*

Petitioner David K. Lamb is a state prisoner currently confined at the Riverside Correctional Facility in Ionia, Michigan. On September 18, 2003, petitioner filed an application for the writ of habeas corpus, challenging his 1999 state court convictions for first degree murder, armed robbery, and

---

[1] By Order entered this date, Carmen Palmer has been substituted for Kurt Jones as the proper respondent in this action.

1

possession of a firearm during the commission of a felony. Petitioner initially raised three grounds for relief. Subsequently, petitioner filed an amended petition raising four additional grounds for relief. On March 4, 2005, the Court entered a judgment staying the case so that petitioner could pursue state court remedies with respect to several claims that had not been exhausted. The Court's Order directed that petitioner could seek to lift the stay within 30 days of the conclusion of state court review.

The matter is currently before the Court on petitioner's motion to remove the stay and to amend his petition, filed on December 12, 2006 (docket #47). The matter is also before the Court on petitioner's motions for discovery and appointment of counsel (docket #48), and for expansion of the record (docket #49), also filed on December 12, 2006. Respondent has not filed responses to any of these motions. On February 21, 2007, the Court referred the motions to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the Court should grant petitioner's motions to remove the stay and for expansion of the record, and should deny petitioner's motion for discovery and appointment of counsel without prejudice. If the Court accepts these recommendations, the Court should also order respondent to file a supplemental answer addressing the merits of the claims raised in petitioner's amended habeas application.

B.  *Analysis*

1.  *Motion to Remove Stay and to Amend*

Petitioner seeks to have the stay entered in this case removed and the case reopened. Petitioner's state court proceedings were concluded on November 29, 2006, when the Michigan Supreme Court denied petitioner's application for leave to appeal. *See People v. Lamb*, 477 Mich. 942, 723 N.W.2d 818 (2006). Petitioner filed his motion to remove the stay on December 12, 2006, thus complying with the condition set forth in the Court's Order imposing the stay that petitioner seek to reopen the case within 30 days of the conclusion of state review. Accordingly, petitioner is entitled to

have the stay lifted and the case reinstated on the Court's docket.

Petitioner also seeks leave to amend his original petition. Because petitioner has now pursued further state court remedies with respect to his claims, and because respondent has not opposed the motion, petitioner is entitled to amend his petition. *See Mayle v. Felix*, 545 U.S. 644 (2005); FED. R. CIV. P. 15(a); E.D. Mich. LR 7.1(b). Accordingly, the Court should grant petitioner's motion to remove the stay and to amend the petition.

2. *Motion for Discovery and Appointment of Counsel*

Petitioner also seeks an order directing respondent to provide discovery, and for the appointment of counsel. The Court should deny this motion without prejudice to petitioner re-seeking discovery or counsel should it later appear that either is necessary.

Petitioner seeks an order compelling the State to turn over all crime scene photographs which may contain exculpatory evidence, particularly involving money found at the scene, and all arrest and search warrant information which may provide evidence relating to the money found at the scene. "A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, a petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. In order to establish "good cause" for discovery, petitioner must establish that the requested discovery will develop facts which will enable him to demonstrate that he is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

According to petitioner's amended brief, the Michigan Court of Appeals found that the evidence regarding the money was not suppressed because it was put before the jury, and that in any event the

3

evidence was not material or favorable. In addition, respondent has yet to file an answer to the amended petition. Thus, it may be that even assuming the truth of petitioner's allegations regarding the allegedly suppressed exculpatory evidence, he would still not be entitled to habeas relief. And if this is, in fact, the case, then petitioner is not entitled to discovery under Rule 6. *See Burns v. Lafler*, 328 F. Supp. 2d 711, 718-19 (E.D. Mich. 2004) (Gadola, J.). In these circumstances, discovery at this point would be premature, as there are preliminary questions which may obviate the need for discovery. *See Zamgola v. Campbell*, No. C 05-0975 JF, 2006 WL 2263906, at *2 (N.D. Cal. Aug. 8, 2006) (where preliminary review of petition indicated that claim might be resolved on basis of existing record, discovery was premature; court would order discovery if it later appeared necessary); *Gengler v. United States ex rel. Dept. of Defense & Navy*, 463 F. Supp. 2d 1085, 1114-15 (E.D. Cal. 2006) ("[U]ntil [respondent] files an answer to the amended petitions, it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow."); *Mosley v. French*, 6 F. Supp. 2d 474, 479 (M.D.N.C. 1998) (denying discovery on prejudice component of claim where resolution of substantive constitutional issue could obviate need for discovery).

Likewise, a review of the petition and of petitioner's briefs does not demonstrate that the factual or legal issues raised are so complex that petitioner is unable to intelligently present his claims to the Court. Accordingly, appointment of counsel is not necessary at this time. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994); *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991).

Accordingly, the Court should deny without prejudice petitioner's motion for discovery and appointment of counsel.

    3.    *Motion to Expand Record*

In his final motion, petitioner seeks to expand the record to include 22 exhibits appended to his amended habeas application. Under Rule 7, a court has broad discretion to expand the record to include

4

any evidence which may be relevant to the petitioner's claims. However, if the evidence was not previously presented to the state courts, a habeas court may consider the evidence only to the same extent that the court could conduct an evidentiary hearing under 28 U.S.C. § 2254(e)(2). *See Holland v. Jackson*, 542 U.S. 649, 652-53 (2004) (explaining that an evidentiary hearing to develop new evidence is permissible "only if respondent was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed by § 2254(e)(2) were met. Those same restrictions apply *a fortiori* when a prisoner seeks relief based on new evidence without an evidentiary hearing."). However, at this point the Court is without the benefit of the state court records relating to petitioner's post-conviction review following the entry of the stay in this case, as well as respondent's answer to the amended petition. It is thus impossible to determine whether the material submitted by petitioner was presented to the state courts, and if not whether that fact was due to petitioner's fault. Because petitioner has already lodged the documents with this Court as exhibits to his amended petition, the best course is to grant petitioner's motion to expand the record while reserving judgment on whether the exhibits may be used to support petitioner's claims until the Court addresses the merits of the petition.

C.     *Conclusion*

In view of the foregoing, the Court should grant petitioner's motion to remove the stay and amend the petition. The Court should also grant petitioner's motion to expand the record, with the understanding that the granting of this motion does not pass judgment on whether the documents submitted by petitioner may actually be used to support his claims. Finally, the Court should deny without prejudice petitioner's motion for discovery and appointment of counsel.

III.     <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives  
PAUL J. KOMIVES  
UNITED STATES MAGISTRATE JUDGE

Dated: 7/26/07

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 26, 2007.

s/Eddrey Butts  
Case Manager