UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID K. LAMB,

    Petitioner,

  v.                               CASE NO. 03-CV-73587
                                    JUDGE JOHN CORBETT O'MEARA
                                    MAGISTRATE JUDGE PAUL J. KOMIVES

CARMEN PALMER,

    Respondent.[1]
_____/

MEMORANDUM ORDER DENYING PETITIONER'S MOTIONS FOR EVIDENTIARY
HEARING (docket #63, #64, #66 and #68)

This matter is before the Court on petitioner's four motions for evidentiary hearing, all filed on January 18, 2008: (1) motion for evidentiary hearing pursuant to *Giglio v. United States* (docket #63); (2) motion for evidentiary hearing to ascertain ineffective assistance of counsel (docket #64); (3) motion for evidentiary hearing pursuant to *Brady v. Maryland* (docket #66); and (4) motion for evidentiary hearing to obtain the testimony of attorney Linda Ashford (docket #68). For the reasons that follow, the motions will be denied.

To the extent petitioner seeks an evidentiary hearing to develop evidence in support of his claims, such a hearing is not warranted. In deciding whether an evidentiary hearing is necessary under Rule 8 of the Rules Governing Section 2254 Proceedings in United States District Courts, 28 U.S.C. foll. § 2254, "courts focus on whether a new evidentiary hearing would be meaningful,

---

[1] By Order entered this date, Carmen Palmer has been substituted in place of Kurt Jones as the proper respondent in this action.

1

in that a new hearing would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000) (discussing *Cardwell v. Greene*, 152 F.3d 331, 338 (4th Cir. 1998)); *see also*, *Alcorn v. Smith*, 781 F.2d 58, 59-60 (6th Cir. 1986) (applying pre-AEDPA law); *cf. Townsend v. Sain*, 372 U.S. 293, 312-13 (1963). As the Supreme Court recently explained:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.
> It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.

*Schriro v. Landrigan*, 127 S. Ct. 1933, 1940 (2007) (citations and footnote omitted).

With respect to the *Brady* and *Giglio* issues, as explained in section F.1 of the Report filed on this date, even if his allegations regarding Investigator Adams's actions at the crime scene and subsequent testimony are true, petitioner cannot establish materiality as required under *Brady* and *Giglio* because (a) the existence of money in the desk of the back office of the restaurant does not negate that a robbery occurred and (b) in any event, petitioner was convicted on the alternative theory of first degree premeditated murder, and these convictions are not called into question in any way by the allegedly false testimony and suppressed evidence. Thus, even if an evidentiary hearing were held, the hearing would not have the potential to advance petitioner's claims.

With respect to appellate attorney Linda Ashford, as explained in section I.2.a of the Report, petitioner can point to no clearly established law which presumes prejudice in the circumstances of his case. Thus, the reasons for attorney Ashford's refusal to accept the appointment as substitute appellate counsel are irrelevant to petitioner's legal claim for relief, and an evidentiary hearing to

ascertain why she declined the appointment therefore would not have the potential to advance petitioner's claims. Likewise, with respect to petitioner's other ineffective assistance of counsel claims, as explained in the Report those claims can be resolved on the basis of the existing record.

Accordingly, it is ORDERED that petitioner's four motions for evidentiary hearing are hereby DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:9/30/08

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on September 30, 2008.
>
> s/Eddrey Butts
> Case Manager