# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID K. LAMB,

      Petitioner,               Civil No. 2:03-CV-73587
                                      HONORABLE JOHN CORBETT O'MEARA
                                        UNITED STATES DISTRICT JUDGE

KURT JONES,

      Respondent,

_____/

## OPINION AND ORDER (1) DENYING IN PART THE RULE 60 (B) MOTION FOR RELIEF FROM JUDGMENT, AND (2) TRANSFERRING IN PART THE RULE 60(B) MOTION TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

David K. Lamb, ("Petitioner"), confined at the Oaks Correctional Facility in Manistee, Michigan, filed a motion for relief from judgment under Fed. R. Civ. P. 60(b)(4). Petitioner claims that the judgment denying habeas relief is void because Magistrate Judge Paul J. Komives recommended denying habeas relief without obtaining or reviewing the trial transcripts. Petitioner also claims that the judgment denying habeas relief should be set aside because the Michigan Court of Appeals affirmed his conviction without reviewing the trial transcripts. Petitioner further claims that he was denied the effective assistance of appellate counsel because his counsel of record withdrew from representing petitioner when the Michigan courts could not provide her with the transcripts. For the reasons stated below, the Court denies in part the 60(b) motion for relief from judgment. The Court also transfers the matter to the United States Court of

1

Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

## I.  Background

Petitioner was convicted of four counts of first-degree murder, armed robbery, and possession of a firearm in the commission of a felony.  This Court denied petitioner a writ of habeas corpus on May 18, 2009. *Lamb v. Palmer,* No. 03-CV-73587 (E.D. Mich. May 18, 2009)(O'Meara, J.)(Adopting Report and Recommendation of Magistrate Judge Paul J. Komives, dated September 30, 2008).  Significantly, petitioner objected to Magistrate Judge Komives' report and recommendation in part because Magistrate Judge Komives had rejected his claims without reviewing the transcripts. (See Objection to Report and Recommendation, Dkt. # 85].  The Sixth Circuit denied petitioner a certificate of appealability and dismissed the appeal. *Lamb v. Jones*, No. 09-1833 (6th Cir. September 2, 2010).

Petitioner has since been denied permission several times by the Sixth Circuit to file a second or successive habeas petition. *Lamb v. Palmer,* No. 10-1357 (6th Cir. March 31, 2011); *In Re Lamb,* No. 11-1536 (6th Cir. April 17, 2012); *In Re Lamb,* No. 12-1924 (6th Cir. July 15, 2013); *In Re Lamb,* No. 14-1598 (6th Cir. December 3, 2014). Significantly, in this last Sixth Circuit case, petitioner raised claims that the Michigan Court of Appeals created a "jurisdictional defect" by deciding his direct appeal when he was no longer represented by counsel and that the state trial court failed to provide a complete trial record to the district court in his initial habeas proceedings. *Id.,* p. 2.  The

Sixth Circuit in Case # 14-1598 denied petitioner permission to file a successive petition. *Id.,* 3-4.

Petitioner filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4). Petitioner claims that Magistrate Judge Paul J. Komives, and by extension this Court, erred in denying him habeas relief without obtaining and reviewing the trial transcripts. Petitioner further claims that the judgment denying habeas relief should be set aside because the Michigan Court of Appeals affirmed his conviction without reviewing the trial transcripts and after his counsel of record withdrew from representing petitioner when the Michigan courts could not provide her with the transcripts.

## II. Discussion

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005). On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition.

3

*Id.,* at 532.

Fed. R. Civ. P. 60(b)(4) indicates that a court may relieve a party from a final judgment, order, or proceeding because the judgment is void. A judgment is considered void, for purposes of 60(b)(4), if the court that rendered the judgment lacked jurisdiction over the subject matter or over the parties, or if the court acted in a manner that was inconsistent with due process of law. *Antoine v. Atlas Turner, Inc.,* 66 F. 3d 105, 108 (6th Cir. 1995)(*quoting In Re Edwards,* 962 F. 2d 641, 644 (7th Cir. 1992)). However, a judgment is not void simply because it is or may have been erroneous, and a motion to set aside a void judgment is not a substitute for a timely appeal. *See Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 611 (6th Cir. 2011).

The Court will deny petitioner's motion for three reasons. First, petitioner's motion is untimely because it was brought some six years and three months after this Court rendered judgment in petitioner's case. A motion for relief from judgment bought pursuant to 60(b)(4) must be filed within a reasonable time of the judgment. *See U.S. v. Dailide,* 316 F. 3d 611, 617 (6th Cir. 2003). The Sixth Circuit has held in various cases that periods of anywhere between three and five years between the judgment and the filing of a 60(b)(4) motion were too long to permit the filing of such a motion for relief from judgment. *Id.* In this case, petitioner waited over six years after the judgment was entered to file his 60(b)(4) motion. Because petitioner has offered no reasons for his delay in filing such a motion, the current motion is untimely.

Secondly, petitioner has failed to show that he is entitled to relief under 60(b)(4).

4

Petitioner already litigated his claims involving the alleged denial of appellate counsel in his first habeas petition, which was rejected on the merits.  Most recently, petitioner attempted to file a successive habeas petition, in which he argued the Michigan Court of Appeals created a "jurisdictional defect" by deciding his direct appeal when he was no longer represented by counsel and that the state trial court failed to provide a complete trial record to the district court in his initial habeas proceedings.  The Sixth Circuit denied petitioner permission to file a successive habeas petition.

A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *See Miles v. Straub,* 90 Fed. Appx. 456, 458 (6th Cir. 2004).  A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. *See Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 543 (6th Cir. 2004).  A habeas petitioner may not raise arguments during his first federal habeas proceeding, lose those arguments, then raise the same arguments based on the same evidence in a Rule 60(b) motion for relief from judgment. *See Brooks v. Bobby*, 660 F. 3d 959, 962 (6th Cir. 2011).

This Court will deny petitioner's Rule 60(b) motion, because petitioner is merely using the motion to relitigate the merits of his claims. *See Miles,* 90 Fed. Appx. at 458. Moreover, to the extent that petitioner argues that the Sixth Circuit erred in denying him permission to file a second habeas petition in which he could raise these claims, he is not entitled to relief from judgment.  A district court lacks the authority to reinstate a habeas

5

petitioner's second or successive petition for writ of habeas corpus after the Court of Appeals declines to grant petitioner leave to file such a petition. *See White v. Carter,* 27 Fed. Appx. 312, 313-14 (6th Cir. 2001). Therefore, this Court is without authority to grant petitioner relief from the Sixth Circuit's refusal to grant petitioner permission to file a successive habeas petition.

Finally, petitioner is not entitled to relief from judgment pursuant to 60(b)(4) because petitioner has been afforded due process to litigate these claims in his prior habeas action before Magistrate Judge Komives and this Court, as well as on his initial appeal before the Sixth Circuit and in his subsequent applications for permission to file a successive habeas petition before that court. *See West v. Champion*, 363 Fed. Appx. 660, 664 (10th Cir. 2010).

To the extent that petitioner seeks to have his state court conviction set aside, he is required to obtain authorization from the Sixth Circuit before he could obtain habeas relief on his claims.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction

6

motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Hervey v. United States,* 105 F. Supp. 2d 731, 735 (E.D. Mich. 2000)(citing *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999)).  Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 735-36; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).

Petitioner previously filed a habeas petition with the federal courts.  Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's prior habeas petition was dismissed on the merits.  Petitioner's current Rule 60(b) motion, to the extent it challenges his state court conviction, is a successive petition for a writ of habeas corpus and he is thus required to obtain a certificate of authorization.  Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

### III.  CONCLUSION

Based on the foregoing, the Court denies in part the motion for relief from

7

judgment [Dkt. # 125].

The Court further **ORDERS** the Clerk of the Court to transfer the motion for relief from judgment [Dkt. # 125] and the motion to waive fees [Dkt. # 126] to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).


                                s/John Corbett O'Meara
                                United States District Judge

Date:  September 8, 2015


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 8, 2015, using the ECF system and/or ordinary mail.


                                s/William Barkholz
                                Case Manager