**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID K. LAMB,

        Petitioner,                            Case Number: 03-73587
                                                         Honorable Mark A. Goldsmith

v.

CARMEN PALMER,

        Respondent.
_____/

**ORDER (1) TRANSFERRING PETITIONER'S MOTION TO AMEND APPLICATION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT; AND (2) DENYING PETITIONER'S MOTION TO EXPAND THE RECORD AND FOR EVIDENTIARY HEARING**

In 2003, Michigan state prisoner David Lamb filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] On May 18, 2009, the Court denied the petition. See Order (Dkt. 97). The Court declined the issue a certificate of appealability. See Order (Dkt. 108). The Sixth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. See Order (Dkt. 119). Petitioner has since filed five requests to file a second or successive habeas corpus petition, all of which the Sixth Circuit Court of Appeals denied. See In re: Lamb, No. 17-2201 (6th Cir. Apr. 5, 2018); In re: Lamb, No. 14-1598 (6th Cir. Dec. 3, 2014); In re Lamb, No. 12-1924 (6th Cir. July 15, 2013); In re Lamb, No. 11-1536 (6th Cir. Apr. 17, 2012); Lamb v. Palmer, No. 10-1357 (6th Cir. Mar. 31, 2011).

---

[1] The Honorable John Corbett O'Meara presided over this case until his retirement. The matter was reassigned to the undersigned District Judge on January 22, 2019.

Petitioner has now filed a motion to amend his habeas corpus petition. This is yet another attempt to file a successive habeas corpus petition.

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). If a second or successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals. In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

When a petitioner files what purports to be a motion to amend, the court must "determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." Moreland v. Robinson, 813 F.3d 315, 321 (6th Cir. 2016) (citing Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005)). A motion which advances one or more substantive claims, rather than one which alleges a "defect in the integrity of the federal habeas proceedings", should be classified as a second or successive petition and transferred to the Court of Appeals. Gonzalez, 545 U.S. at 532.

Petitioner seeks to amend his petition to supplement already litigated claims with new evidence and arguments and to advance new claims. The motion, therefore, is a second or successive petition for a writ of habeas corpus which may not be filed without prior authorization and will be transferred to the Sixth Circuit.

The Court ORDERS the Clerk of Court to transfer the motion to amend (Dkt. 132) to the United States Court of Appeals for the Sixth Circuit for consideration as an application for permission to file a second or successive petition.

The habeas corpus proceeding remains closed in this Court and the motion to expand the record and for evidentiary hearing (Dkt. 131) is DENIED as moot.

SO ORDERED.

Dated: September 10, 2019  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 10, 2019.

s/Karri Sandusky  
Case Manager