## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAVID LAMB,

                Petitioner,                      Case No.  03-cv-73587

                                                      Honorable Mark A. Goldsmith

v.

CARMEN PALMER,

                Respondent.

_____/

## OPINION & ORDER
## (1) DENYING PETITIONER'S MOTIONS (Dkt. 143, 144, 149), (2) DENYING IN PART PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (Dkt. 147); (3) DENYING A CERTIFICATE OF APPEALABILITY, AND (4) TRANSFERRING CASE TO THE SIXTH CIRCUIT

In 2003, Michigan state prisoner David Lamb filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.  On May 18, 2009, the Court denied the petition (Dkt. 97); it also declined to issue a certificate of appealability (Dkt. 108).[1]  The Sixth Circuit Court of Appeals also denied Petitioner's request for a certificate of appealability (Dkt. 119).[2]

Now before the Court are Petitioner's motion for emergency appeal bond (Dkt. 144); motion for injunctive relief, restraining order, and appeal bond (Dkt. 143); motion pursuant to Fed R. Civ. P. 60(b)(6) (Dkt. 147); motion for evidentiary hearing (Dkt. 146); and motion for statutory

---

[1] The Honorable John Corbett O'Meara presided over this case prior to his retirement.  The case was reassigned to the undersigned.

[2] Petitioner subsequently filed six requests to file a second or successive habeas corpus petition, all of which the  Court of Appeals denied.  See In re Lamb, No. 19-2061 (6th Cir. Dec. 18, 2019); In re: Lamb, No. 17-2201 (6th Cir. Apr. 5, 2018); In re Lamb, No. 14-1598 (6th Cir. Dec. 3, 2014); In re Lamb, No. 12-1924 (6th Cir. July 15, 2013); In re Lamb, No. 11-1536 (6th Cir. Apr. 17, 2012); Lamb v. Palmer, No. 10-1357 (6th Cir. Mar. 31, 2011).

interpretation of relief from judgment (Dkt. 149).  For the reasons that follow, the Court denies

Petitioner's motion for emergency appeal bond, motion for injunctive relief, motion for evidentiary

hearing, and motion for statutory interpretation of relief from judgment.  The Court denies in part

the motion filed pursuant to Fed. R. Civ. P. 60(b), and transfers the motion to the Sixth Circuit

Court of Appeals.

## I.  DISCUSSION

### A. Motions for Injunctive Relief and Appeal Bond

Petitioner has filed two motions related to the ongoing Covid-19 pandemic and seeks

immediate release  (Dkt. 143, 144).

First, Petitioner seeks injunctive relief on the ground that his continued confinement during

the pandemic creates an "unreasonable danger" to his "future health."  See Mot. for Injunctive

Relief, Restraining Order, and Appeal Bond at PageID.1528 (Dkt. 143).  He maintains that social

distancing is impossible in the prison setting and that the Michigan Department of Corrections

(MDOC) has failed to take necessary steps to protect prisoners from exposure to the virus.  Id. at

PageID.1527.  Petitioner asks the Court to issue an order "separating [him] from this immediate

threat of danger" and removing him from MDOC custody until "there is a cure for the Covid-19

virus and there is a proven vaccine and all MDOC employees are tested for the Covid-19 virus and

all MDOC employees [and prisoners] are vaccinated . . . and all [visitors] prove that they are

negative, and all [asymptomatic] staff not be exposed to [Petitioner]."  Id. at PageID.1528.

A preliminary injunction is appropriate to grant intermediate relief "of the same character

as that which may be granted finally," but inappropriate for dealing with matters "lying wholly

outside the issues in the suit."  DeBeers Consol. Mines Ltd. v. United States, 325 U.S. 212, 220

(1945); see also Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010) ("[T]he movant must

establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (internal quotation marks omitted).

The claims raised in Petitioner's habeas corpus petition challenged his state court convictions.  There is no nexus between these claims and the claimed danger to Petitioner due to the Covid-19 pandemic.  Absent this relationship, the Court may not grant the relief requested. Colvin v. Caruso, 605 F.3d 282, 300 (6th Cir. 2010).  Petitioner's motion for injunctive relief will be denied.

In his motion for bond, Petitioner seeks immediate release on personal bond pending the outcome of a state court post-conviction proceeding and resolution of motions pending in this case. See Mot. for Bond at PageID.1534-1535 (Dkt. 144).  To obtain relief, however, Petitioner must demonstrate (i) "a substantial claim of law based on the facts surrounding the petition" and (ii) "some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice."  Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990) (internal marks omitted).  There will be few occasions where a habeas petitioner meets this standard.  Id. at 79.

Petitioner is not entitled to release under this standard.  Given that his petition for habeas relief has been denied and his repeated attempts to file a successive petition have also been denied, he has not shown a substantial claim of law or exceptional circumstances that warrant his release. The Court takes the pandemic seriously and does not disregard Petitioner's claims that he is particularly vulnerable to adverse consequences, but he has not shown that the facility where he is currently housed is not properly responding to the virus.  Finally, Petitioner's case is distinguishable from Clark v. Hoffner, No. 2:16-cv-11959, 2020 WL 1703870 (E.D. Mich. Apr. 8, 2020), a case in which a habeas petitioner was released on bond due to the threat of COVID-19. In that case, the district court concluded that there was substantial evidence of actual innocence

and the Wayne County's Conviction Integrity Unit investigated the case and was prepared to recommend that the petitioner be completely exonerated or given a new trial.  Id. at *2.  Unlike the petitioner in Clark, Petitioner has been denied habeas relief and fails to raise a substantial claim of actual innocence.  The motion is denied.

### B.  Motions for Relief Under Rule 60(b)(6) and Motion for Statutory Interpretation

Next, Petitioner has filed a motion for relief under Rule 60(b)(6) (Dkt. 147) and a motion for statutory interpretation of relief from judgment.  (Dkt. 149.)

As a threshold matter, the Court must decide whether it has jurisdiction to consider Petitioner's motion for relief under Fed. R. Civ. P. 60(b)(6).  A district court does not have jurisdiction to consider a petitioner's "second or successive" habeas petition unless the petitioner first obtains authorization from the Court of Appeals.  28 U.S.C. § 2244(b)(3)(A); Franklin v. Jenkins, 839 F.3d 465, 473 (6th Cir. 2016).  Under some circumstances, a Rule 60(b) motion filed in a § 2254 action may be subject to the restrictions on second or successive habeas petitions. Gonzalez v. Crosby, 545 U.S. 524, 530-532 (2005).  When a "Rule 60(b) motion advances one or more 'claims'" such as "a new ground for relief," or if it alleges "that the [federal] court erred in denying habeas relief on the merits," courts must treat the motion for reconsideration as a "second or successive habeas petition."  See id. at 532-534.  On the other hand, a motion does not seek to advance new claims and should not be transferred to the circuit court if the motion merely attacks the integrity of the federal habeas proceedings or challenges a previous ruling that precluded a merits determination.  Id. at 532.

Petitioner's 60(b)(6) motion is a hybrid motion—a "true" 60(b) motion and a successive petition.  First, Petitioner seeks relief under Rule 60(b)(6) on the ground that the Court erred in holding that his Fourth Amendment claims were barred from habeas corpus review by Stone v.

Powell, 428 U.S. 465, 482 (1976).  Because the state courts afforded Petitioner a full and fair opportunity to litigate his Fourth Amendment claims, the Court held that it could not address the merits of those claims based upon Stone.  To the extent that Petitioner's motion challenges this holding, which prevented a merits determination, it is not a "new" claim and need not be transferred as successive.  Nevertheless, this claim does not entitle him to relief.

First, the motion is untimely.  A motion for relief from judgment filed under Rule 60(b)(6) "must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Petitioner's motion was filed over eleven years after this Court rendered judgment.  Nothing in Petitioner's motion suggests that he could not have filed his motion many years earlier.  See Smith v. Brunsman, No. 18-3990, 2019 WL 5260161, at *2 (6th Cir. Jan. 25, 2019) (holding that the Rule 60(b)(6) motion was untimely in a habeas case because it was filed five years after Sixth Circuit denied a certificate of appealability and three years after a public reprimand of his attorney placed the petitioner on notice of a basis for his ineffective assistance of counsel claim); Tyler v. Anderson, 749 F.3d 499, 509 (6th Cir. 2014) (holding that the Rule 60(b)(6) motion was untimely because it was filed ten years after district court's denial of the habeas petition); Ohio Cas. Ins. v. Pulliam, No. 96-6522, 1999 WL 455336, at *3-4 (6th Cir. June 23, 1999) (three-year delay did not satisfy Rule 60's "reasonable time" requirement).

Even if Petitioner's motion had been timely filed, his Stone-based claim would not entitle him to relief.  Rule 60(b)(6) should be invoked only in those "unusual and extreme situations where principles of equity mandate relief."  Olle v. Henry & Wright Corporation, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original).  Such situations "will rarely occur in the habeas context."  Gonzalez, 545 U.S. at 535.  The Court did not consider the merits of Petitioner's Fourth Amendment claims because the state provided him a full and fair opportunity to litigate his claims.

5

Petitioner offers no argument that convinces the Court that this holding was incorrect, and relief is not warranted.  To the extent that Petitioner attempts to argue that his appellate counsel's related ineffectiveness provides a means to attack his illegal detention, this argument raises a new "claim" requiring Sixth Circuit authorization.

The balance of Petitioner's motion for relief from judgment challenges the Court's merits determination.  As such, it is a successive habeas petition.  Petitioner has not obtained appellate authorization to file a second or successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A).  The Court will transfer the motion to the Sixth Circuit Court of Appeals for a determination whether he is authorized to file a successive petition.  See Sims v. Terbush, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner also filed a motion requesting "statutory interpretation of relief from judgment" (Dkt. 149).  Upon review of this motion, it is clear that what Petitioner is actually requesting is the opportunity to amend his petition after the Court grants his Rule 60(b) motion.  However, the Court is not granting the 60(b) motion, so the motion to amend the petition is denied as moot.

### C.  Motion for Evidentiary Hearing

Finally, Petitioner seeks an evidentiary hearing to support his ineffective assistance of appellate counsel claim (Dkt. 146).  However, because the Sixth Circuit has not yet granted Petitioner leave to file a petition raising this claim, the request for a hearing is premature. Accordingly, it is denied.

### II.  CONCLUSION

For the reasons set forth above, the motion for relief from judgment (Dkt. 147) is denied in part.  Because Petitioner fails to show that reasonable jurists would find the Court's decision denying in part his motion relief from judgment to be debatable or wrong, the Court will deny a

6

certificate of appealability.  See 28 U.S.C. § 2253(c)(2);  Slack v. McDaniel, 529 U.S. 473, 484-485 (2000).

The remainder of Petitioner's Rule 60(b) motion is an unauthorized successive habeas petition.  Accordingly, the Clerk of the Court is ordered to transfer this case to the Sixth Circuit pursuant to 28 U.S.C. § 1631 (authorizing transfer of cases) and Sims v. Terbush, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

Petitioner's motion for emergency appeal bond (Dkt. 144); motion for injunctive relief, restraining order, and appeal bond (Dkt. 143); and motion for evidentiary hearing and motion for statutory interpretation (Dkt. 149) are denied.

SO ORDERED.

Dated:  March 4, 2021                          s/Mark A. Goldsmith
    Detroit, Michigan                      MARK A. GOLDSMITH
                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 4, 2021.

                               s/Karri Sandusky
                               Case Manager